UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY LYLE FINGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:21-cv-802-KJN<br><br>ORDER<br><br>(ECF Nos. 14, 15.) |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying his application for Supplemental Security Income.[1]  In his summary judgment motion, plaintiff contends the Administrative Law Judge erred in discounting the opinions of:  (A) a consultative examining physician regarding how plaintiff's heart condition and obesity affects his ability to work; and (B) plaintiff's treating chiropractor regarding how plaintiff's spinal condition affects his ability to work.  Plaintiff seeks a remand for further proceedings.  The Commissioner opposed, and filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons that follow, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion, and AFFIRMS the final decision of the Commissioner.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties consented to proceed before a Magistrate Judge for all purposes.  (ECF Nos. 7, 8, 9.)

1

I.     **RE/LEVANT LAW**

The Social Security Act provides for benefits for qualifying individuals unable to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3). An Administrative Law Judge ("ALJ") is to follow a five-step sequence when evaluating an applicant's eligibility, summarized as follows:

> **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> **Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
> **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995); see also 20 C.F.R. § 404.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).

A district court may reverse the agency's decision only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Id. at 1154. Substantial evidence is more than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court reviews the record as a whole, including evidence that both supports and detracts from the ALJ's conclusion. Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). However, the court may review only the reasons provided by the ALJ in the decision and may not affirm on a ground upon which the ALJ did not rely. Id. "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Ford, 950 F.3d at 1154. Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion "must be upheld." Id. Further, the court may not reverse the ALJ's decision on account of harmless error. Id.

2

## II. BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS

On March 26, 2018, plaintiff applied for Disability Insurance Benefits, alleging an onset date of January 1, 2018. (Administrative Transcript ("AT") 164-72.) Plaintiff claimed disability due to "Heart Attack, Stints." (See AT 71.) Plaintiff's applications were denied initially and upon reconsideration, and he sought review with an ALJ. (AT 86; 100; 117-18.) At an August 13, 2020 hearing, plaintiff testified about his conditions, and a vocational expert ("VE") testified regarding the ability of a person with certain impairments to perform various jobs. (AT 32-69.)

On October 9, 2020, the ALJ issued a decision determining plaintiff was not disabled. (AT 12-31.) As an initial matter, the ALJ determined plaintiff met insured status through March 31, 2021. (AT 17.) At step one, the ALJ concluded plaintiff had not engaged in substantial gainful activity since January 1, 2018. (Id.) At step two, the ALJ determined plaintiff had the following severe impairments: obesity; status post-acute myocardial infarction with stenting and neuropathy. (Id.) Relevant here, the ALJ found plaintiff's "lumbar spine impairment" to have a minimal effect on plaintiff, given limited treatment records showing plaintiff complained of or sought treatment for the condition. (AT 18.) At step three, the ALJ determined plaintiff's impairments did not meet or medically equal the severity of an impairment listed in Appendix 1. (Id., citing 20 C.F.R. Part 404, Subpart P, Appendix 1).

The ALJ then found plaintiff had the residual functional capacity ("RFC") to perform light work, except "he can occasionally climb ladders, ropes or scaffolds[;] occasionally climb ramps and stairs and frequently stoop, kneel, crouch and crawl[; and] must avoid concentrated exposure to extreme heat and cold." (AT 19.) In crafting this RFC, the ALJ stated he considered plaintiff's symptom statements alongside the medical evidence and opinions of the medical sources and PAMFs (prior administrative medical findings). (Id.) Relevant here, the ALJ considered the opinion of Dr. O'Brien, formed after an August 2018 examination. (AT 23-24.) Dr. O'Brien opined plaintiff could stand and walk 2 hours in an 8-hour workday, should be able to climb a few steps with use of a handrail, could lift and carry 20 pounds occasionally, and he would be able to stoop, crouch, kneel, and climb less than 2 hours in an 8-hour workday. (AT 346.) Dr. O'Brien stated she based her opinion on the records regarding plaintiff's coronary artery disease and

obesity, and noted that if records showed his cardiac capacity was further compromised, his limitations would be greater. (Id.) The ALJ found Dr. O'Brien's opinion "not persuasive," reasoning the limitations were unsupported by the doctor's own unremarkable exam findings, plaintiff's claim he could walk a mile, and other records where plaintiff denied symptoms related to his lower extremities. (AT 24.) Also relevant here, the ALJ considered the July 2020 opinion of Dr. Rudometkin, plaintiff's chiropractor. (AT 25-26.) Dr. Rudometkin opined plaintiff could lift less than 10 lbs., sit for less than 2 hours, stand or walk less than 1 hour at a time and intermittent with rest, and otherwise lie down or elevate. (AT 362.) The ALJ found this opinion of "no persuasive value" because the doctor was "not an acceptable medical source," as well as that the opinion was vague and incomplete, not supported by "any treatment notes of record," and inconsistent with unremarkable exam results and plaintiff's denial of symptoms and reports of daily activities. (AT 26.) The ALJ also weighed the opinions from five other medical professionals. (AT 23-25.) The ALJ concluded plaintiff was capable of performing past relevant work as a security guard (light work, semi-skilled, SVP 3) and therefore was not disabled. (AT 26-27.)

Plaintiff then filed this action requesting judicial review of the Commissioner's final decision; the parties filed cross-motions for summary judgment. (ECF Nos. 1, 14, 15, 16.)

### III.     ISSUES PRESENTED

Plaintiff contends the ALJ erred by discounting the opinions of: (A) Dr. O'Brien, a consultative examining physician, regarding plaintiff's physical limitations due to his heart condition and obesity; and (B) Dr. Rudometkin, plaintiff's treating chiropractor, regarding plaintiff's physical limitations due to issues with his spine. Plaintiff seeks a remand for further proceedings. (ECF Nos. 14, 16.)

The Commissioner disagrees, arguing the ALJ articulated legally sufficient reasons for discounting these two doctors' opinions under the new regulations. Thus, the Commissioner contends the decision is substantially supported and should result in affirmance. (ECF No. 15.)

////

////

## IV. DISCUSSION

### Legal Standards – Medical Opinions and Persuasiveness

For applications filed on or after March 27, 2017, an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) ("PAMF") [i.e., state-agency medical consultants], including those from [a claimant's] medical sources." See 20 C.F.R. § 404.1520c(a). Instead, an ALJ is to evaluate medical opinions and PAMFs by considering their "persuasiveness." § 404.1520c(a). In determining how "persuasive" the opinions of a medical source or PAMF is, an ALJ must consider the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." § 404.1520c(b), (c)(1)-(5).

Despite a requirement to "consider" all factors, the ALJ's duty to articulate a rationale for each factor varies. § 404.1520c(a)-(b). In all cases, the ALJ must at least "explain how he considered" the supportability and consistency factors, as they are "the most important factors." § 404.1520c(b)(2). For supportability, the regulations state: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive [the opinion or PAMF] will be." § 404.1520c(c)(1). For consistency, the regulations state: "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive [the opinion or PAMF] will be." § 404.1520c(c)(2). The ALJ is required to articulate findings on the remaining factors (relationship with claimant, specialization, and "other") only where "two or more medical opinions or prior administrative medical findings about the same issue" are "not exactly the same," and both are "equally well-supported [and] consistent with the record." § 404.1520c(b)(2)&(3).

An ALJ may address multiple opinions from a single medical source in one analysis. § 404.920c(b)(1) ("source-level articulation"). "[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003)).

5

**Analysis**

**A. Dr. O' Brien**

Plaintiff argues the ALJ's treatment of Dr. O'Brien's opinion does not meet the standards required by the regulations and Ninth Circuit case law.[2] Dr. O'Brien formed her opinion after an August 2018 examination. (AT 346.) Dr. O'Brien opined plaintiff could stand and walk for 2 hours in an 8-hour workday, should be able to climb a few steps with use of a handrail, could lift and carry 20 pounds occasionally, and he would be able to stoop, crouch, kneel, and climb less than 2 hours in an 8-hour workday. (Id.) Dr. O'Brien stated these limitations were due to plaintiff's coronary artery disease and obesity, and noted that if records showed plaintiff's cardiac capacity was further compromised, his limitations would be greater. (Id.) The ALJ found Dr. O'Brien's opinion "not persuasive," reasoning the limitations were unsupported by the doctor's own unremarkable exam findings, plaintiff's claim he could walk a mile, and other records where plaintiff denied symptoms related to his lower extremities. (AT 24.)

Under the new regulations, the undersigned finds the ALJ sufficiently explained the supportability and consistency factors concerning Dr. O'Brien's opinion. 20 C.F.R. § 404.1520c(b)(2). The ALJ found a lack of support in Dr. O'Brien's examination records for the more limiting portions of her opinion, which noted many "normal" findings and plaintiff's assertion to the doctor that he could walk a mile. (AT 341-45.) Persuasiveness is examined in part by how well supported an opinion is. 20 C.F.R. § 404.1520c(c)(1). To be sure, Dr. O'Brien only conducted one exam, and noted the expressed limitations might be adjusted downward with a greater showing of compromised cardiac capacity. (See AT 346.) Plaintiff points to two such

---

[2] Plaintiff cites to case law regarding the Ninth Circuit's "specific and legitimate" and "clear and convincing" standards related to treating, examining, and consultative medical professionals. (See ECF No. 14 at 7-8, citing Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017).) Plaintiff's briefs were filed prior to the Ninth Circuit's release of Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. Our requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions[,] is likewise incompatible with the revised regulations.") (citations omitted). Thus, the court focuses on the ALJ's duties under the revised regulations and case law.

1  records showing fatigue and dyspnea after exercise stress tests.  (AT 384, 404.)  However, the
2  ALJ noted multiple medical records where plaintiff denied more extreme limitations, as well as
3  other records supporting less-restrictive limitations.  (See AT 24, citing multiple pages in Exhibits
4  2F and 11F; AT 21-22, citing multiple records from Exhibit 11F.)  The regulations require the
5  ALJ to explain any inconsistency findings, and these citations and expressed rationale show the
6  ALJ performed his duty.  20 C.F.R. § 404.1520c(c)(2).  The conflicts between inconsistent
7  records were for the ALJ to resolve.  Ford, 950 F.3d at 1154 (noting the ALJ's responsibility for
8  resolving conflicts in the record).

**B. Dr. Rudometkin**

Plaintiff also challenges the ALJ's resolution of plaintiff's chiropractor Dr. Rudometkin's July 2020 opinion.  (AT 25-26.)  Dr. Rudometkin opined plaintiff could lift less than 10 lbs., sit for less than 2 hours, stand or walk less than 1 hour at a time and intermittent with rest, and otherwise lie down or elevate.  (AT 362.)  The ALJ found this opinion of "no persuasive value" because the doctor was "not an acceptable medical source," and found the opinion vague and incomplete, unsupported by "any treatment notes of record," and inconsistent with unremarkable exam results and plaintiff's denial of symptoms and reports of daily activities.  (AT 26.)  The ALJ's persuasiveness findings are not in error and are supported by substantial evidence.

Plaintiff contends the ALJ's discounting of Dr. Rudometkin's opinion simply because he was not an acceptable medical source is legal error.  However, the undersigned notes the regulations make a distinction between "acceptable medical sources" and other "medical sources."  20 C.F.R. § 1502(a) and (d).  "Acceptable medical sources" include a finite list of medical professionals, such as licensed physicians, psychologists, optometrists, podiatrists, speech pathologists, audiologists, advanced practice registered nurses, and physician assistants. Id.  Under the Commissioner's applicable policy ruling, the agency notes:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because . . . "acceptable medical sources" are the most qualified health care professionals.

See SSR 06-03P, 2006 WL 2329939, (S.S.A. Aug. 9, 2006).  Thus, no error is present simply

7

because of the ALJ's designation. See, e.g., Knight v. Astrue, 32 F. Supp. 3d 210, 221 (N.D.N.Y. 2012) (noting the ALJ was permitted to give an opinion less weight because chiropractors are not explicitly designated as acceptable medical sources).

Despite this fact, the regulations still require articulation on persuasiveness of medical sources outside of the "acceptable" category, such as plaintiff's chiropractor. 20 C.F.R. § 1520c(b)(1)-(2) (requiring source level articulation and explanation of supportability and consistency for all medical sources and PAMFs). However, the ALJ sufficiently articulated his rationale on these factors, noting a lack of support in the record and inconsistency with "unremarkable exam findings" and plaintiff's denial of symptoms and reported daily activities. (AT 26, citing multiple records from Exhibits 2F and 11F.) Plaintiff acknowledges the lack of medical records from Dr. Rudometkin, simply arguing the ALJ had a duty to supplement the record. However, it is plaintiff's burden to submit medical evidence, and nothing in the record here shows the ALJ's duty was triggered. Ford, 950 F.3d at 1148 (noting plaintiff's burden through step four). As to the ALJ's inconsistency findings, plaintiff cites to other medical records showing he sought treatment for his back and foot pain and had sensorimotor polyneuropathy, an antalgic gait, and spinal conditions. (AT 360, 369, 373, 420, 442-43, 458, 461, 481.) The ALJ noted other medical records indicating less-than-severe impairments in these areas, and it is for the ALJ to resolve such inconsistencies. Ford, 950 F.3d at 1154.

### V.     CONCLUSION

The court finds the ALJ's decision otherwise supported by substantial evidence in the record as a whole. Ford, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is DENIED;

2. The Commissioner's cross-motion (ECF No. 15) is GRANTED;

////

////

////

3. The final decision of the Commissioner is AFFIRMED; and

4. The Clerk of Court is directed to CLOSE this case.

Dated: November 2, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fing.802